The first exception of the defendant is allowed.
A debtor cannot, with a good conscience, offer to pay in depreciated notes a debt contracted while the currency was at par, and a creditor is not obliged to receive depreciated notes in payment of his debt. Dr. Strudwick had a right to demand gold and silver, or par funds, in payment of his debt; and if the debt was to be in negroes, it follows as a matter of course that the negroes were to be rated at specie value; otherwise the debtor would be doing indirectly what could not be done directly.
According to the practice in England, a debtor who seeks to redeem must in the first place pay the debt in gold and silver or par funds, and then take the property. In this State, as an indulgence to the debtor, he is allowed to have the property sold, and to take the excess after paying the debt out of the proceeds of the sale. In this case there was no evidence that Dr. Strudwick removed the negroes from the State with a fraudulent intent to evade the plaintiff's right of redemption, but, on the contrary, the court was satisfied that he removed them after the settlement with the other distributees of Dr. Witherspoon and legatees of Mrs. Witherspoon, upon the well-grounded belief that the value of the negroes was not equal to the claims he held on them, and that the right of redemption would never be set up — in fact, that he was obliged to take the negroes in satisfaction of his claims, although the value was not supposed to be equal to the amount. The decretal order directed an account on the basis of charging Dr. Strudwick with (614) the value of the negroes in payment of his claims; which is the same thing as if the negroes had been ordered to be sold and the proceeds applied to the payment of the claims of Dr. Strudwick. Suppose *Page 402 
the order had been that Dr. Strudwick should bring the negroes back to this State for the purpose of a sale, and they had been sold for Confederate notes: Dr. Strudwick would not have been required to take such notes in payment of his claims. He would have had a right to insist on being paid in gold and silver, or par funds. So it comes to the same result, that is, he has a right to insist that he should be charged only with the specie value of the negroes, in the extinguishment of his claims. The specie valuation of the negroes must be at the date of the filing of the bill, when the plaintiff notified the defendant of his intention to set up his right of redemption. It is not necessary to pass on the second and third exceptions, as they are merely in aid of the first.
The exception of the plaintiff is overruled. She was not bound by the settlement made with the other distributees or legatees, and of course she can claim no benefit under it; and as against her, Dr. Strudwick is entitled to hold the land as a purchaser at execution sale. For this reason it was not included in the terms of the reference.
It is proper to say, this case was held under advisement at the last term, not on account of the difficulty of the question of law, but because the Court was not willing, in the condition of things then existing, todeclare by a decree that Confederate notes were depreciated. That difficulty is now out of the way. It is conceded on all hands, even by the Confederate Government, that its notes are depreciated and much under par.
The clerk will state an account charging the defendant with the value of the slaves in specie at the date the bill was filed.
Decree accordingly. *Page 403